IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ERICK PORTILLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-1215 (RDA/WEF) |
| | ) |
| COMMONWEALTH TRUSTEES, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Commonwealth Trustees, LLC's ("Defendant Commonwealth") Motion to Dismiss (Dkt. 2) and Defendant MortgageIT Trust 2005-AR1, Mortgage Pass-Through Certificates, Series 2005-AR1, U.S. Bank National Association's ("Defendant U.S. Bank Trust") Motion for Judgment on the Pleadings or to Dismiss (Dkt. 13). This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). These matters have been fully briefed and are now ripe for disposition.

Considering the Motions together with Defendants' Memoranda in Support (Dkt. Nos. 3; 14); Plaintiff Erick Portillo's Oppositions, (Dkt. Nos. 10; 16-1); and Defendant Commonwealth's Reply (Dkt. 12), this Court GRANTS the Motions (Dkt. Nos. 2; 13) for the reasons that follow.[1]

---

[1] Plaintiff has also filed a Motion to Remand, asserting that Defendants untimely filed the Notice of Removal outside of the 30-day deadline, pursuant to 28 U.S.C. § 1446(b)(1) (requiring notice of removal to be "filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading"). Dkt. 9 at 1-2. Plaintiff claims that a copy of the Complaint was served on Defendants in June 2023, and that the Notice of Removal was filed more than 30 days later on September 8, 2023. *Id.* As Defendant U.S. Bank Trust notes, however, a "defendant's time to remove commences when he or she receives *both* service of the summons and complaint through formal process." *Brown v. Nikloads, LLC*, 505 F. Supp. 3d 620, 625 (E.D.

I.   BACKGROUND

A.   Factual Background[2]

Plaintiff brings a four-count Complaint against Defendants Commonwealth and U.S. Bank Trust, challenging the foreclosure of the real property located at 27486 Paddock Trail Place, Chantilly, Virginia 20152 (the "Property").  Plaintiff alleges that Defendants lacked authority to foreclose on the Property because the assignment of his mortgage loan to Defendant U.S. Bank Trust and the subsequent appointment of Defendant Commonwealth as Substitute Trustee, which eventually conducted the foreclosure, was improper.  Dkt 1-2 ¶¶ 10, 41-42.

In his Complaint, Plaintiff alleges that, on September 9, 2005, he and his wife obtained a mortgage loan from Mortgageit, Inc. ("Mortgageit") through a promissory Note ("Note"), secured by a Deed of Trust ("Deed") as a lien on the Property.  *Id.* ¶¶ 1, 6-7.  The Deed appointed Fidelity

---

Va. 2020) (emphasis added).  Defendant Commonwealth was properly served with copies of both the Complaint and the Summons on August 11, 2023, and Defendant U.S. Bank Trust had not been served at all when Defendants filed the Notice of Removal on September 8, 2023.  Dkt. 11 at 1-2.  Defendants therefore timely filed the Notice of Removal.  In his Reply, Plaintiff "acknowledges that such position by defendants is correct and therefore . . . agree[s] . . . that the motion to remand should be denied."  Dkt. 12 at 1.  Accordingly, Plaintiff's Motion to Remand will be DENIED.

[2] For purposes of considering Defendant Commonwealth's Motion to Dismiss, the Court accepts all facts contained within the Amended Complaint as true, as it must at the motion-to-dismiss stage.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Additionally, the Court will consider important documents to which reference is made in the Complaint.  *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).  Here, Plaintiff refers to various documents that are related to his mortgage loan, and these documents, Dkt. Nos. 1-7, Ex. F ("Deed of Trust"); 14-1, Ex. A ("Note"); 1-2, Ex. A ("Notice of Assignment of Deed of Trust"), Ex. B ("Appointment of Substitute Trustee"), Ex. C ("Notice of Substitute Trustee Sale"); 14-6, Ex. F ("Substitute Trustees' Deed"), are "integral to the [C]omplaint" with no dispute as to their authenticity.  *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F .3d 700, 705 (4th Cir. 2007) (explaining that a court "may consider documents . . . attached to the motion to dismiss, as long as they are integral to the complaint and authentic" (citations omitted)).

2

Title-Richmond ("Fidelity Title") as trustee. *Id.* ¶ 8. As such, Plaintiff asserts that "[t]he deed of trust constituted a contract among [himself], Morgageit, and Fidelity Title." *Id.* ¶ 9.

Plaintiff also claims that the Note "made no mention of Mortgage Electronic Registration Systems ("MERS")." *Id.* ¶ 11. The Deed, however, named MERS as the beneficiary and nominee for the lender (Morgageit), and gave MERS the power to take certain actions related to the Deed. *Id.* ¶ 14; *see also* Dkt. 1-7 at 5 (stating that "[t]he beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS," that "[t]his Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note[,]" and that MERS has "the right to foreclose and sell the Property").

On September 28, 2012, MERS executed a document assigning all beneficial interests under the Deed to Defendant U.S. Bank Trust. *Id.* ¶ 14; *see also* Dkt. 1-2 at 16 (stating that "[MERS], Grantor, hereby grants, assigns, and transfers to U.S. Bank National Association, as trustee . . . Grantee, all beneficial interests under that certain deed of trust dated September 9, 2005, executed by [Plaintiff]"). On June 24, 2016, Defendant U.S. Bank Trust executed a document appointing Defendant Commonwealth as Substitute Trustee on the Deed, Dkt 1-2 ¶ 26; *see also id.* at 18 (stating that Defendant U.S. Bank Trust "hereby appoints Commonwealth Trustees, LLC, as Substitute Trustee/GRANTEE"), and instructed Defendant Commonwealth to foreclose on the home following Plaintiff's default, Dkt 1-2 ¶ 26; *see also id.* at 20 (stating that "[t]he appointed SUBSTITUTE TRUSTEE, Commonwealth Trustees, LLC will offer for sale at public auction" the Property).

At some point, Plaintiff apparently defaulted on the loan. Defendant Commonwealth subsequently held a foreclosure sale of the Property on November 21, 2022, at 2:00 p.m. in front

of the Loudoun County Circuit Court.  Dkt 1-2 ¶ 28.  Defendant U.S. Bank Trust made the highest bid.  *Id.* ¶ 31.  Following the sale, Defendant Commonwealth executed a Substitute Trustees' Deed, granting the Property to Defendant U.S. Bank Trust on December 13, 2022.  *Id.* ¶ 32; *see also* Dkt. 14-6, Ex. F at 2-3 ("grant[ing] and convey[ing]" the Property).  Additionally, a written notice was posted on the door of the home, stating that it had been foreclosed upon.  Dkt. 1-2 ¶ 33.

## B.  Procedural Background

Plaintiff initially filed a lawsuit in the Henrico County Circuit Court against Defendants on November 17, 2022, intending to stop the foreclosure sale of the Property.  Dkt. Nos. 1-2 ¶ 30; 3 at 2.  The case was removed to the United States District Court for the Eastern District of Virginia on January 3, 2023, but was voluntarily dismissed on January 17, 2023.  Dkt. 3 at 2.  Plaintiff also filed a nearly identical suit against Defendants in the Loudoun County Circuit Court on November 30, 2022.  *Id.*  That suit was also removed to this Court on January 11, 2023, and was voluntarily dismissed on February 3, 2023.  *Id.*  Plaintiff filed the instant suit against Defendants on August 3, 2023, in the Loudoun County Circuit Court.  Dkt. 1-2 at 1.  The action was again removed to this Court and assigned to this District Judge on September 8, 2023.  Dkt. 1.

In essence, the Complaint asserts that the foreclosure sale of the Property is voidable due to defects in the underlying transfer of rights and interests under the Deed.  Specifically, Counts 1 and 2 allege that Defendants lacked authority to foreclose on the Property because the assignment by MERS of its beneficial interests under the Deed to Defendant U.S. Bank Trust was improper, Dkt. 1-2 ¶¶ 10-39, and, as a result, Defendant U.S. Bank Trust's appointment of Defendant Commonwealth as Substitute Trustee was also improper, *id.* ¶¶ 41-45, rendering Defendant Commonwealth's foreclosure of the Property void.  Count 3 asserts that Defendant Commonwealth's requirement of a $470.00 fee to be paid by any third-party purchaser of the

4

Property to Defendant Commonwealth's attorneys constituted a breach of contract because the Deed did not permit such a term and rendered the foreclosure voidable. *Id.* ¶¶ 49-52. Count 4 alleges that Defendant Commonwealth breached its fiduciary duty when it failed to cancel the foreclosure sale after Plaintiff's counsel raised a good faith challenge to the sale in Plaintiff's first lawsuit in Henrico County Circuit Court. *Id.* ¶¶ 56-59. Ultimately, Plaintiff seeks rescissions of the instrument assigning beneficial interests to Defendant U.S. Bank Trust, the instrument appointing Defendant Commonwealth as Substitute Trustee, and the foreclose sale, thereby restoring title of the Property to Plaintiff. *Id.* at 13. He also seeks a judgment against Defendant U.S. Bank Trust for $200,000, as well as a judgment against Defendant Commonwealth for $200,500. *Id.*

Defendant Commonwealth moved to dismiss this action for failure to state a claim on September 15, 2023. Dkt. 2. Plaintiff filed both a Motion to Remand, Dkt. 8, and an Opposition to the Motion to Dismiss, Dkt. 10, on September 29, 2023. On October 10, 2023, Defendant U.S. Bank Trust filed an Opposition to Plaintiff's Motion to Remand. Dkt. 11. Plaintiff filed a Reply regarding his Motion to Remand on October 16, 2023, stating that he "agree[s] to the position by defendants that the motion to remand should be denied." Dkt. 12. Defendant U.S. Bank Trust filed a Motion for Judgment on the Pleadings or to Dismiss for Failure to State a Claim on October 25, 2023. Dkt. 13. Plaintiff filed an untimely Opposition to the Motion for Judgment on the Pleadings or to Dismiss, but the Magistrate Judge granted a consent motion for extension of time after the deadline passed, deeming the filing timely. Dkt. Nos. 16; 16-1; 17. Defendant U.S. Bank Trust did not file a reply.

## II.   STANDARD OF REVIEW

### A.   Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion, *see Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015), but they "may consider documents . . . attached to the motion to dismiss, as long as they are integral to the complaint and authentic[,]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

### B. Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." The standard of review for Rule 12(c) motions is the same as the "plausibility standard" governing Rule 12(b)(6) motions. *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014); *Travelers Indem. Co. of Conn. v. Lessard*

*Design, Inc.*, 321 F. Supp. 3d 631, 635 (E.D. Va. 2018).  A motion for judgment on the pleadings challenges a claim's sufficiency; "it does not resolve disputes over factual issues, the merits of a claim, or the applicability of a defense."  *SunTrust Mortg., Inc. v. Simmons First Nat'l Bank*, 861 F. Supp. 2d 733, 735 (E.D. Va. 2012) (citing *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).  Thus, "judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party, fail to state any cognizable claim for relief."  *O'Ryan v. Dehler Mfg. Co.*, 99 F. Supp. 2d 714, 718 (E.D. Va. 2000).

### III.  ANALYSIS

Defendants advance nearly identical arguments in their respective Motions.  The Court will therefore address them together, count by count.

#### A.  Counts 1 and 2 – The "Show-Me-the-Note" Claims

Count 1, brought against Defendant U.S. Bank Trust, claims that MERS lacked the authority to assign the Deed to Defendant U.S. Bank Trust.  Count 2, brought against Defendant Commonwealth, asserts that, because the assignment to Defendant U.S. Bank Trust was improper, Defendant Commonwealth's subsequent appointment as Substitute Trustee was invalid, thus rendering its foreclosure on the Property unauthorized.  Both counts will be dismissed as impermissible "show-me-the-note" claims.

A "show-me-the-note" claim asserts that a defendant lacks "authority to foreclose on [the plaintiff's] home because the [defendant] was not in possession of the original promissory note."  *Gallant v. Deutsche Bank Nat. Trust Co.*, 766 F. Supp. 2d 714, 720 (W.D. Va. 2011).  Virginia courts routinely reject "show-me-the-note" claims because they run "contrary to Virginia's non-judicial foreclosure laws."  *Brown v. HSBC Mortg. Corp.*, No. 1:10cv1427, 2011 WL 3101780, at *2 (E.D. Va. July 22, 2011).  As explained by former U.S. District Judge T.S. Ellis, III of this

District,

> just as a noteholder is not "required to come to a court of law and prove its authority or standing to foreclose on a secured property," so too a nominal beneficiary or a substitute trustee . . . should not be required to prove in court that it has the noteholder's authority. To conclude otherwise would allow borrowers to compel judicial intervention in any foreclosure proceeding where a deed of trust has changed hands or a substitute trustee has been appointed. This result would be plainly contrary to Virginia law, which allows a trustee to foreclose on a loan in default, even if the original note cannot be found, without first seeking a court order.

*Hien Pham v. Bank of N.Y.*, 856 F.Supp.2d 804, 810 (E.D. Va. 2012) (citing *Horvath v. Bank of N.Y., N.A.*, 641 F.3d 617, 623 (4th Cir.2011)).

Both Defendants have moved to dismiss Counts 1 and 2, arguing that they are essentially "'show-me-the-note' arguments that are contrary to Virginia's non-judicial foreclosure laws, which do not require secured creditors to come before the court to prove their authority to foreclose on secured property." Dkt. Nos. 3 at 4 (quoting *Buzbee v. United States Bank, N.A*, 84 Va. Cir. 485, 487 (2012)); 14 at 11. In his Oppositions, Plaintiff argues that the Complaint does not assert a "show-me-the-note" case but instead "sets forth an **affirmative** claim that the foreclosing creditor **did not own the note**." Dkt. 10 at 2 (emphasis in original); Dkt. 16-1 at 1-2. This is a distinction without a difference.

At their core, both Counts 1 and 2 challenge the validity of the transfer of the Deed and assert that Defendants did not properly possess the Note required to initiate foreclosure. This argument, which hinges on Defendants' alleged inability to prove ownership of the Note is a quintessential "show-me-the-note" claim. *See King v. Fed. Home Loan Mortg. Corp.*, No. 1:18-CV-672, 2018 WL 3453455, at *4 (E.D. Va. July 17, 2018) (dismissing homeowner's foreclosure challenge contesting "the validity of the underlying transfer of the Deed of Trust" after construing the challenge as a "show-me-the-note" action). As such, both counts conflict with Virginia law and will be dismissed.

8

Counts 1 and 2 will also be dismissed because they rely on a challenge to the validity of documents—the assignment of the Deed and the appointment of the substitute trustee—to which Plaintiff is not a party and, therefore, lacks standing to challenge. *See id.* As Defendants correctly note, Dkt. Nos. 3 at 4; 14 at 12, a plaintiff who is neither a party to nor an intended beneficiary of a contract generally does not have standing to contest its validity. *See Wolf v. Fed. Nat'l Mortg. Ass'n*, 512 App'x 336, 342 (4th Cir. 2013) (affirming dismissal of homeowner's challenge of "validity of assignment of the note from MERS to BAC" because "one must be a party to or beneficiary of the contract" to sue on the contract); *see also Morrison v. Wells Fargo Bank, N.A.*, 30 F. Supp. 3d 449, 454 (E.D. Va. 2014) ("Plaintiff has not alleged that he is a party, intended beneficiary nor had direct involvement in the Appointment of Substitute Trustee execution. Without an enforceable contract right, Plaintiff lacks standing to attack the validity of the appointment."). Accordingly, because Counts 1 and 2 are premised on the invalidity of these documents, they will be dismissed.

B.  Count 3 – "Breach of Contract" Claim

Count 3 alleges that Defendant Commonwealth, in its foreclosure sale advertisement, required any purchaser to pay a $470.00 fee to its attorneys for reviewing settlement documents. Dkt. 1-2 ¶ 50. Plaintiff contends that Defendant Commonwealth lacked "any legal authority" to impose this fee and that including the term constituted a breach of contract under the Deed of Trust. *Id.* ¶ 51. Plaintiff further claims that this term likely discouraged bidding at the foreclosure sale due to investors' "fears" that "the foreclosure would be invalid because of the lack of any legal authority to require the high bidder to make such payment." *Id.* ¶ 52. This Count will also be dismissed.

To prevail on a breach of contract claim, a party must show: "(1) a legally enforceable

obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach or obligation." *Hanback v. DRHI, Inc.*, 94 F. Supp. 3d 753, 760-61 (citing *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004)).

The Deed is an enforceable contract between the parties and their assignees. Under the facts alleged, however, Defendants did not breach the Deed. The Deed states that:

> Trustee shall give public notice of sale by advertising . . . . Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines . . . . Lender or its designee may purchase the Property at any sale.

Dkt. 1-7, Ex. F at 14. The Deed therefore explicitly allows the Trustee to designate the terms of sale in the Notice of Sale and does not explicitly prohibit the inclusion of the term at issue. Moreover, Plaintiff does not allege that the inclusion of the term violated any specific law. *See* Dkt. 1-2 ¶¶ 48-54. Thus, as Defendants note, "[n]either the deed of trust, nor Virginia law, prohibit the trustee from seeking to have a successful purchaser pay attorney fees related to settlement." Dkt. Nos. 3 at 6; 14 at 16-17. By signing the Deed, Plaintiff agreed that the Trustee, or Substitute Trustee, could "sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale." Dkt. 1-7, Ex. F at 14. Given this agreement, Defendant Commonwealth, as Substitute Trustee, was within its rights under the Deed to require payment of a $470.00 fee by any third-party purchaser, provided that the requirement was properly stated in the Notice of Sale.

Accordingly, Count 3 will be dismissed because Defendant Commonwealth did not breach the Deed of Trust by including a term requiring payment of a $470.00 fee in the Notice of Sale.

### C. Count 4 – Breach of Fiduciary Duty Claim

Count 4 alleges that, as Substitute Trustee, Defendant Commonwealth owed a fiduciary

duty to Plaintiff. Specifically, Plaintiff claims that, if Plaintiff's counsel raised a "good faith challenge to [Defendant Commonwealth]'s right to foreclose, then [Defendant Commonwealth] had a fiduciary duty to cancel the [] foreclosure and [] seek the guidance of a court of competent jurisdiction." Dkt. 1-2 ¶¶ 56-57. Plaintiff further alleges that Defendant Commonwealth breached this fiduciary duty by proceeding with foreclosure after Plaintiff filed the first lawsuit in Henrico County Circuit Court. *Id.* ¶ 58. This Count will also be dismissed.

To establish a breach of fiduciary duty, a plaintiff must show that: "(1) the defendant owes a fiduciary duty, (2) the defendant breached that fiduciary duty, and (3) the breach of fiduciary duty resulted in damages." *Plumbers & Steamfitters Union Loc. No. 10 v. Waters*, 451 F. Supp. 3d 543, 550 (E.D. Va. 2020) (citing *Carstensen v. Chrisland Corp.*, 247 Va. 433, 442 (1994)).

Relying on *Tayal v. Bank of New York Mellon*, No. 20-1790, 2022 WL 563240 (4th Cir. 2022) and *Young-Allen v. Bank of Am., N.A.*, 298 Va. 462 (Va. 2020), Defendants contend that Virginia law does not impose a fiduciary duty on a substitute trustee to invoke the aid of a court in these circumstances. Dkt. Nos. 3 at 6-7; 14 at 18-19. In *Tayal*, the Fourth Circuit explained that under Virginia law, a substitute trustee has no implied duty to "invoke the aid of a court of equity" before foreclosing. 2022 WL 563240, at *4 (stating that "the Supreme Court of Virginia has emphatically and repeatedly rejected such an untethered responsibility on the part of the trustee"). And in *Young-Allen*, the Supreme Court of Virginia held that substitute trustees are "not required to postpone or cancel a foreclosure sale based solely on the alleged breach of the deed of trust, especially when [the plaintiff] failed to plead that she could cure her default and prevent the foreclosure sale from occurring." 298 Va. at 471.

While the Complaint states that Plaintiff filed a lawsuit in Henrico County Circuit Court challenging the foreclosure sale before it was conducted due to Defendants' "lack of authority to

11

foreclose," Dkt. 1-2 ¶ 30, it fails to allege that Plaintiff claimed that he had the ability to cure his default in the suit, or otherwise told Defendant Commonwealth that he could do so prior to the foreclosure. Nor does the Complaint contest the fact that Plaintiff was in default, which caused the foreclosure sale. Thus, "[u]nder these circumstances, [Defendant Commonwealth] did not breach any fiduciary duty that it owed to Plaintiff when it proceeded with the foreclosure sale." *Young-Allen*, 298 Va. at 472.

In support of his position that Defendant Commonwealth was required to seek guidance from a court after the filing of Plaintiff's first lawsuit, Plaintiff cites *Bremer v. Bitner*, 44 Va. Cir. 505 (Fairfax Cir. Ct. 1996). Dkt. 1-2 ¶ 58. The *Bremer* Court held that a trustee violated its fiduciary duty by conducting a foreclosure sale despite having been made aware of a dispute as to the amount of debt owed prior to the sale. *Bremer*, 44 Va. at 512. But here, Plaintiff does not allege that there was any dispute over the amount of debt owed prior to the foreclosure sale. He alleges instead that, in his suit filed prior to the sale, he underscored Defendants' "lack of authority to foreclose" based on the validity of the transfer of the Deed. Dkt. 1-2 ¶ 30. These circumstances align more closely with *Young-Allen*, 298 Va. at 902, in which the plaintiff alleged a similar breach of the Deed prior to foreclosure, than with *Bremer*.

Therefore, because Virginia law does not require a substitute trustee to cancel a foreclosure sale in response to a pre-suit legal challenge, Count 4 fails to state a claim for relief and will be dismissed.

## IV.  CONCLUSION

In sum, Plaintiff's Complaint fails to state a claim for relief that justifies rescinding the instrument assigning beneficial interests to Defendant U.S. Bank Trust, the instrument appointing

Defendant Commonwealth as Substitute Trustee, or the foreclosure sale of the Property and awarding damages.

Accordingly, for the foregoing reasons, it is hereby ORDERED that Defendant Commonwealth's Motion to Dismiss (Dkt. 2) is GRANTED, and Defendant U.S. Bank Trust's Motion for Judgment on the Pleadings or to Dismiss (Dkt. 13) is GRANTED; and it is

FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE;[3] and it is

FURTHER ORDERED that Plaintiff's Motion to Remand (Dkt. 8) is DENIED.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to counsel of record.

It is SO ORDERED.

Alexandria, Virginia
August 20, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[3] Although courts generally provide an opportunity to amend where a plaintiff has only filed one complaint, here it is clear from the facts alleged and legal theories asserted that any amendment would be futile. Moreover, the Court notes that, although this is Plaintiff's first filing in *this* Court, Plaintiff has filed the same Complaint three times and has had sufficient opportunity to develop his factual allegations and claims.